## (December 7, 1971)

■ WILFREDO RODRIGUEZ, as Administrator of the Estate of ANGELINA F. RIVERA, Deceased, Respondent, v. COLUMBUS HOSPITAL, Appellant, et al., Defendant.— Judgment, Supreme Court, New York County, entered on May 4, 1971, unanimously modified, on the law and on the facts, to the extent of remanding the action for trial on damages, and otherwise affirmed, without costs and without disbursements. The decedent died of anaphylactic shock following an injection of penicillin by a licensed practical nurse employed by defendant Columbus Hospital. The plaintiff contended the nurse administered the penicillin negligently when injecting the decedent's buttock the vein was pierced and the drug was injected into her bloodstream instead of into the gluteal muscle. The defendant doctor prescribed the penicillin following examination of decedent and concluded she had a throat infection. The jury rendered the verdict for $100,000 against the defendant Columbus Hospital and for the physician against the plaintiff. While the evidence justifies the jury's finding on the issue of the liability, the $100,000 damage award is excessive and contrary to the weight of evidence. The decedent was 49 years of age at the time of her death, with a life expectancy of 29 years. Her husband and three children, ages 12, 10 and 8, were living in Puerto Rico. She allegedly came to New York to visit her six adult children by a prior marriage. There is no other proof in the record as to whether she lived with her husband or children in Puerto Rico or as to any family life. There is no claim for any loss of earnings. The hospital expenses were $678.65 and the funeral expenses $600. The evidence on damages is clearly insufficient to sustain the jury's award. Concur — Capozzoli, J. P., McGivern, Markewich, Murphy and Eager, JJ.

■ DAVID WEBB, INC., Appellant, v. SUSAN L. ROSENSTIEL, Respondent, et al., Defendants.— Order, Supreme Court, New York County, entered on July 16, 1971, directing that defendant Rosenstiel's answer be stricken unless she appear for a continuation of her examination on a specified date at Special Term, Part II, unanimously modified, on the law and the facts, to the extent of granting the motion to strike the answer unless defendant Rosenstiel submit to further examination at such place and at such time as shall be fixed by plaintiff by written notice of not less than 10 days, served on defendant's attorney. Appellant shall recover of respondent $50 costs and disbursements of this appeal. True, the defendant has been difficult, but notwithstanding, has previously appeared for examination, and did appear pursuant to the order appealed from, although the plaintiff apparently did not; nor did plaintiff seek any relief therefrom. And, in view of her (defendant) change of attorneys, we cannot peremptorily conclude her failure to co-operate has been willful. Concur — Stevens, P. J., McGivern, Markewich and Murphy, JJ.